ANNA M. DECKER and JOSEPH DIEBOLD, executors, &c., of
Pauline Diebold, deceased,

*v.*

SCOTTISH UNION AND NATIONAL INSURANCE COMPANY
OF EDINBURGH.

ANNA M. DECKER and JOSEPH DIEBOLD, executors, &c., of
Pauline Diebold, deceased,

*v.*

COMMONWEALTH INSURANCE COMPANY OF NEW YORK.

[Decided June 30th, 1914.]

Complainants, in a suit against an insurance company, were not en-
titled to reformation of an insurance policy so as to make it payable to
themselves as executors instead of a third party to whom it was made
payable, where there was no mutual mistake upon the part of the parties
to the suit and no fraud upon the part of the insurance company.

*Mr. Cecil H. MacMahon,* for the complainants.

*Mr. Alfred S. March,* for the defendants.

LEWIS, V. C.

The complainants desire a reformation of a policy of insurance
covering the property of one Joseph Diebold. As is apparent
from the pleadings, the right of Joseph Diebold to have it in-
sured is unquestioned. The bill asserts that Joseph Diebold
and Anna M. Decker are executors of Pauline Diebold, deceased.
Among the assets of the estate of Pauline Diebold which came
to the hands of her executors was a mortgage. A policy of

insurance had been issued to Joseph Diebold acting, not as an executor, but as an individual. This bill is filed to reform the said policy of insurance so that it may be made payable to the executors of Pauline Diebold. It is quite evident from an examination of the papers in this case that there was no mutual mistake on the part of the parties to this suit and no fraud on the part of the defendants is alleged. There was no contractual relationship between the parties. The executors of Pauline Diebold were not parties to the contract of insurance and never became parties to it. Joseph Diebold says he told one Harrison to have the policy issued to the executors of Pauline Diebold and Harrison evidently did not carry out these instructions. The insurance companies had no notice whatever of the wish of Diebold in this respect. The complainants' bills therefore fail to show any mutuality of mistake or right of reformation. The case as presented by the bill is one of mere neglect for which reformation cannot be had in equity. The fact that the complainants are not parties to the contract of insurance, it seems to me, disposes of their right of consideration in this court, but aside from this, assuming that they were such parties, I do not feel that they present a case for equitable relief. The cases referred to by the solicitor of the defendants on his argument sustain the position taken by him. *Doniol* v. *Commercial Fire Insurance Company of New York, 34 N. J. Eq. 30; Henderson* v. *Stokes, 42 N. J. Eq. 586, 589; Ordway* v. *Chace, 57 N. J. Eq. 478; Rowley* v. *Flannelly, 30 N. J. Eq. 612;* all deal with the questions involved in this issue. The opinion of Vice-Chancellor Howell in the case of *John Plockzek* v. *St. Paul Fire and Marine Insurance Co.,* not reported, but brought to the attention of the court, is very much in point.

My conclusion is that the demurrers must be sustained and the bill of complaint dismissed.